UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**NATHANIEL JOSEPH DICOSIMO,**

        Plaintiff,

v.                                     **Case No. 15-cv-1417-pp**

**BRIDGET K. VANSTRATEN,**

        Defendant.

---

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 2), GRANTING MOTION FOR AN EXTENSION OF TIME TO PAY THE FILING FEE (DKT. NO. 12), AND DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

---

The *pro se* plaintiff, Nathaniel Joseph Dicosimo, was confined at the Winnebago County Jail when he filed a complaint alleging that the defendant had taken a series of actions designed to make him lose custody of his child. Dkt. No. 1. He since has been released from jail, and now resides in Oshkosh, Wisconsin. See Dkt. No. 9. The plaintiff is suing Bridget K. VanStraten, who resides in Menasha, Wisconsin.

**I.    MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915; see Kerr v. Puckett, 138 F.3d 321, 323 (7th Cir. 1998). That law allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without pre-paying the civil case-filing fee, as long as he meets certain conditions. One of those

conditions is a requirement that the plaintiff pay an initial partial filing fee. 28 U.S.C. § 1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350.00 filing fee over time through deductions from his prisoner account. Id.

On January 6, 2016, the court issued an order requiring the plaintiff to pay an initial partial filing fee of $75.89. Dkt. No. 14. The plaintiff paid that fee on February 26, 2016. Accordingly, the court will grant the plaintiff's motion for leave to proceed without pre-paying the filing fee. Because the plaintiff has been released from jail, the court will direct him to submit the remainder of the filing fee to the Clerk of Court as he is able. See Robbins v. Switzer, 104 F.3d 895, 897 (7th Cir. 1997) (former inmate required to pay full filing fee under 28 U.S.C. §1915(b) because he was a prisoner when he filed appeal).

The court notes that on May 5, 2016, the plaintiff filed a motion asking for an extension of time until May 30, 2016 to pay the filing fee. Dkt. No. 12. He indicates in that motion that now that he has been released from prison, he must pay child support from his earnings at Neenah Foundry. Id. While this motion was not necessary, the court will grant it, and again, will order that he pay the remainder of the filing fee as he is able.

## II.     REVIEW OF THE PLAINTIFF'S COMPLAINT

Under the *in forma pauperis* statute, 28 U.S.C. §1915(e)(2), the court shall dismiss a case at any time if it determines that the action is frivolous or

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.[1]

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff shall provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The plaintiff need not plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft

---

[1] The law allows a court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In this case, the plaintiff is not suing a state actor and, therefore, § 1915A does not apply.

3

v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. The court must give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

A. Allegations in the Complaint

Based on the complaint allegations, the plaintiff and the defendant have had a volatile relationship. The complaint describes domestic disputes, some of which allegedly involve physical altercations and property damage. For example, the plaintiff alleges that in September 2015, the defendant got

4

"extremely angry at our apartment," broke a door off its hinges, and threw a shoe rack, injuring herself in the process. Dkt. No. 1 at 3. According to the complaint, the Child Protective Services worker arrived and witnessed the damage. Id. The plaintiff left the home with their nine-month-old daughter. He didn't have anywhere to go, so he went to his friend's house. Id.

The plaintiff alleges that when he returned to retrieve some of his property, the defendant had thrown the property on the front lawn—his own, as well as formula, clothing, wipes, diapers and other items for his daughter. Id. at 4. In addition, the defendant allegedly told the plaintiff's probation officer that he had stolen some property items such as a generator, a hand gun, and a vehicle. Id. at 5.

The plaintiff also alleges that the defendant called his workplace and was extremely rude to the plaintiff's supervisor. Due to the plaintiff missing work one day to deal with issues with the defendant, as well as the defendant's harassing phone calls, the plaintiff lost his job. Id. at 7.

The complaint alleges that the defendant did many other things, such as "open[ing] a fraudulent web account for my name and phone," changing the password on the plaintiff's Gmail account, and posting a picture of the plaintiff's child support order for his other daughter on his Facebook account. Id. at 6-8. The plaintiff stated that he believed that the defendant had taken all of these actions to make him lose primary placement of their daughter, as well as to hurt his chance at full custody of their daughter. Id. at 8.

5

The plaintiff claims that the defendant violated his civil rights under federal law. He also alleges state law claims, such as violations of the Wisconsin Constitution, negligence, fraud, defamation, and violation of Wisconsin criminal statutes. Id. at 9-10. He seeks monetary damages. Id. at 12.

B. Discussion

1. *Federal Causes of Action*

In the "Rights and Laws Broken" portion of his complaint, the plaintiff lists "civil right[s]—Bill of Rights 13th, 14th, 15th & 19th Amendments" as causes of action. Id. at 9. The United States Constitution grants individuals certain rights which the government cannot take away. There is a federal statute that allows a person to sue when the person believes that a government actor has taken away those rights: 42 U.S.C. §1983.

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980).

In this case, the plaintiff does not allege that the defendant acted under state law, or that she was a government actor. Rather, the defendant is a private citizen and the plaintiff's former girlfriend. Because the Constitution

6

protects the defendant from the *government* taking away his constitutional rights, and because §1983 allows private suits only against individuals who acted "under color of law," the plaintiff has not stated a cause of action against the defendant under §1983.

In addition, the Constitutional amendments the plaintiff cites are not relevant to the allegations he makes in the complaint. The Thirteenth Amendment outlaws slavery. The Fourteenth Amendment prohibits *states* from making laws that infringe on the rights of citizens of the United States, from depriving people of life, liberty or property without due process, and from denying people equal protection. The Fifteenth Amendment provides that citizens can't be denied the right to vote on the basis of race, color or "previous condition of servitude." And the Nineteenth Amendment provides that citizens can't be denied the right to vote on account of gender. Even if the defendant in this case had been a government actor, there are no allegations in the complaint that indicate that the defendant violated any of these amendments.

There is also a federal law that allows a person to sue private individuals who conspire to deprive them of certain rights. Section 1985(3) of Title 42 allows a person to sue if "two or more persons . . . conspire" to derive someone of certain constitutional rights. But the plaintiff has not alleged a conspiracy here—he alleges only that one person, the defendant, did things to him. He has not stated a cause of action under §1985(3).

The defendant also lists "Americans with Disabilities Act" as a cause of action. Dkt. No. 1 at 10. The Americans with Disabilities Act is a federal

7

statute, 42 U.S.C. §§12101, *et seq.* But in order to sue under that statute, the plaintiff must prove that he is "disabled," as that word is defined by the statute. The plaintiff has not alleged facts in his complaint that show that he is disabled. In addition, the Americans with Disabilities Act does not allow a plaintiff to sue just anyone--the "ADA" prohibits disability discrimination in the areas of employment, government, public accommodation, commercial facilities, transportation and telecommunications. The plaintiff has not alleged that the defendant discriminated against him because of a disability in any of these areas. Finally, before a plaintiff may file a lawsuit in federal court under the ADA, the plaintiff must first file a charge with the Equal Employment Opportunity Commission ("EEOC"), and obtain from that agency a Notice of Right to Sue. The plaintiff did not attach such a notice to his complaint in this case.

2. *State law causes of action*

That leaves the plaintiff's state law claims. This federal court does not have subject matter jurisdiction to hear a lawsuit by one Wisconsin citizen against another Wisconsin citizen based solely on alleged violations of Wisconsin statutory and common law. See 28 U.S.C. §1331 (federal question); §1332 (diversity of citizenship jurisdiction). The only ways that the plaintiff could bring his state law claims in this federal court are: (1) if he first states a cognizable claim under federal law; or (2) if he were to bring those state law claims against a citizen of another state, and the cause of action involved more than $75,000 in damages. As the court indicated above, the plaintiff has not

8

stated a cognizable federal law claim, and he has not sued a citizen of another state.

The court is not deciding whether, if the plaintiff had filed his state law claims in a Wisconsin court, that court would have ruled in his favor. (The court does note, though, that among his state law causes of action, the plaintiff lists some criminal laws. Private individuals may not bring criminal charges against other people. Only the State of Wisconsin can prosecute violations of Wisconsin criminal laws. If a private individual believes that someone has committed a crime in violation of Wisconsin law, that person must notify a law enforcement official—police officer, sheriff's deputy—and the law enforcement official can refer the allegations to a district attorney for prosecution.)

In sum, the court must dismiss the plaintiff's complaint, because it does not have subject matter jurisdiction to hear it.

### III. CONCLUSION

The court **GRANTS** the plaintiff's motion for leave to proceed *in forma pauperis*. Dkt. No. 2.

The court **GRANTS** the plaintiff's motion for an extension of time to pay the balance of the filing fee, Dkt. No. 12, and **ORDERS** that he pay the balance of the fee as he is able.

The court **DISMISSES** the complaint for lack of subject matter jurisdiction.

9

The court **ORDERS** that the plaintiff should submit the balance of the filing fee ($274.11) to the clerk of court.

Dated in Milwaukee, Wisconsin this 10th day of June 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge